Michael RAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00752–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 1, 2003.

Ken Goode, Houston, for Appellant.

Charles A. Rosenthal, Jr., Dist. Atty.–Harris County, and Lori Deangelo Fix, Asst. Dist. Atty., Houston, for The State.

Panel consists of Chief Justice RADACK and Justices NUCHIA and HANKS.

## OPINION

SHERRY RADACK, Chief Justice.

A jury found appellant, Michael Ray, guilty of third degree felony theft of property worth more than $20,000 but less than $100,000, and, after finding two enhancement paragraphs to be true, the trial court sentenced him to 60 years' confinement. In two points of error, appellant argues that (1) the evidence was factually insufficient to support his conviction, and (2) the trial court erred in denying his request for an instruction on the lesser-included offense of state jail felony theft.

We reverse and remand.

### Factual Background

Lloyd Johnson, a floor manager at Gulf Coast Truck Center, was working at the automobile dealership on January 21, 2002, when appellant arrived at the dealership and expressed an interest in a 1999 Ford Expedition. Because the sale was still incomplete at 11:00 p.m., Johnson allowed appellant to take the vehicle overnight as a courtesy, with the understanding that he would return the next day before noon with a down payment and proof of insurance. Appellant failed to return at the appointed hour the next day. Johnson and a general manager attempted to locate appellant and the vehicle. After several unsuccessful attempts, Johnson reported the vehicle stolen.

On February 1, 2002, Deputy Shaffer with the Harris County Sheriff's Department was dispatched to a Planet Ford dealership. The deputy saw appellant out on the lot heading toward a Ford Expedition, stopped him, and asked for identification. Appellant produced his driver's licence identifying him as Michael Ray. Deputy Shaffer testified that he ran the VIN number on the Expedition and that it came back as reported stolen. Deputy Shaffer testified that he later learned the vehicle belonged to the Gulf Coast Trucking dealership.

Johnson was contacted around 8:00 p.m. that night and was asked to come to Planet Ford Dealership to identify the Expedition and appellant. At Planet Ford, Johnson positively identified the Expedition and appellant as the man who took the Expedi-

tion from his dealership on January 21, 2002.

### Factual Sufficiency of the Evidence

 In his first point of error, appellant argues that the evidence was factually insufficient to support his conviction of third degree felony theft because the evidence supporting the value of the Expedition as worth more than $20,000 was so weak as to create a result that was manifestly wrong and unjust.

In reviewing factual sufficiency, we examine all of the evidence neutrally, and ask whether proof of guilt is so obviously weak or greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred. *King v. State*, 29 S.W.3d 556, 563 (Tex.Crim.App.2000).

A person commits the offense of third degree felony theft if he unlawfully appropriates property with intent to deprive the owner of the property and the value of the property stolen is $20,000 or more, but less than $100,000. TEX. PEN.CODE ANN. §§ 31.03(a), 31.03(e)(5) (Vernon Supp. 2003). A person commits the lesser offense of a state jail felony if the property unlawfully appropriated is valued at $1500 or more, but less than $20,000. TEX. PEN. CODE ANN. § 31.03(a), 31.03(e)(4). The Texas Penal Code defines value in theft prosecutions as follows:

(1) The fair market value of the property or service at the time and place of the offense; or

(2) If the fair market value cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

TEX. PEN.CODE ANN. § 31.08(a) (Vernon 1994).

 While fair market value is not statutorily defined, it has been stated as the amount the property would sell for in cash, given a reasonable time for selling it. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim.App.1991). Fair market value can be proven by evidence of the retail price or sale price, by testimony of an owner's opinion of value, or an expert opinion of value. *Id.* No one method has been held to be exclusive. *Id.* When the owner of the property is testifying as to the value of the property, he may testify as to his opinion or estimate of the value of the property in general and commonly understood terms. *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex.Crim.App.1986). A person may testify as the "special owner" of property if it is shown that he has care, custody, or control of the property by virtue of his employment relationship with the corporation that owns the property. *See Harris v. State*, 846 S.W.2d 960, 962 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd).

The indictment alleged Johnson as the owner of the Expedition stolen by appellant. At trial, Johnson testified that he had been working at Gulf Coast Truck Center for three years and that his responsibilities included sales and management. Appellant did not challenge Johnson's status as owner of the Expedition at trial.

As owner of the Expedition, Johnson testified that the value of the Expedition was between $21,000 and $22,000, and that it was later purchased for $23,170. Johnson also testified on cross-examination that the value of the Expedition could fluctuate $2,000 higher or lower than the $21,000 to $22,000 range, and then later stated that the value of the Expedition could be as low as $19,999 or as high as $24,000.

In support of his factual sufficiency argument, appellant relies on inconsistencies in Johnson's trial testimony. He contends that because Johnson's estimations of value varied depending on who was question-

ing him, the evidence was so weak as to undermine confidence in the jury's determination. The weight to be given to contradictory testimonial evidence is within the sole province of the jury, because it turns on an evaluation of credibility and demeanor. *McKinny v. State,* 76 S.W.3d 463, 469 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). A jury's decision is not manifestly unjust merely because the jury resolved conflicting views of evidence in favor of the State. *Id.* The jury could have reasonably found, based on the testimony of Johnson, that the fair market value of the vehicle was worth $20,000 or more. Accordingly, we hold that the evidence was not factually insufficient to support the jury's verdict.

We overrule appellant's first point of error.

### Jury Instruction on Lesser–Included Offense

■ In his second point of error, appellant argues that the trial court abused its discretion in denying appellant's requested instruction on the lesser-included offense of state jail felony theft because there was more than a scintilla of evidence to show that the value of the Expedition was less than $20,000.00.

■■ An instruction on a lesser-included offense is required only if (1) the lesser offense is included within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.1993). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App.1994).

The State argues that there was no evidence in the record that the jury could have rationally relied upon to find appel-

lant guilty only of theft of property valued at more than $1,500, but less than $20,000. We disagree. While Johnson testified at trial that the value of the Expedition was "somewhere between $22,000 and $21,000," and that it sold for $23,170, he also testified that the value of the Expedition could be as much as $2,000 less or more than the $21,000 to $22,000 range. Johnson also later testified that the value of the Expedition could be as little as $19,999 and as much as $24,000.

Johnson's testimony amounts to more than a scintilla of evidence that the value of the Expedition was less than $20,000. We are required to "view the evidence in the light most favorable to appellant and give him the benefit of reasonable inferences from it, without regard to whether the evidence is credible, controverted, or in conflict with other evidence." *Upchurch v. State,* 23 S.W.3d 536, 540 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Accordingly, we hold that the trial court erred in denying appellant's instruction on the lesser-included offense of state jail felony theft.

### Harm Analysis

■ Having determined that the trial court erred in denying appellant's requested instruction, we now determine if appellant was harmed by the error. TEX.CODE CRIM. PROC. ANN. art 36.19 (Vernon 1981).

■ When the trial erroneously refuses to give an instruction on a lesser-included offense, reversal is required if the error resulted in some harm to the accused, "some" meaning "any." *O'Brien v. State,* 89 S.W.3d 753, 756 (Tex.App.-Houston [1st Dist.] 2002, no pet. h.). If the absence of the lesser-included offense instruction left the jury with the sole option either to convict the defendant of the charged offense or acquit him, a finding of harm is

essentially automatic because the jury was denied the opportunity to convict the defendant of the lesser offense. *Saunders v. State*, 913 S.W.2d 564, 571 (Tex.Crim.App. 1995); *O'Brien*, 89 S.W.3d at 756.

A person convicted of a third degree felony theft with two prior felonies may be punished by confinement for life, or confinement for not more than 99 years or less than 25 years. TEX. PEN.CODE ANN. § 12.42(e) (Vernon Supp.2003). In this case, appellant was convicted of third degree felony theft, and after a finding of two prior felony convictions, sentenced to 60 years' confinement. If appellant had been convicted of state jail felony theft, and the two enhancements were still found true, appellant could only have been punished for a second degree felony. TEX. PEN.CODE ANN. § 12.42(a)(2). A person convicted of a second degree felony may be punished by confinement of not more than 20 years and not less than two years. TEX. PEN.CODE ANN. § 12.33 (Vernon 1994). Accordingly, we hold that, because the jury did not have the option to find appellant guilty of the lesser-included offense of state jail felony theft, appellant was harmed by the trial court's error.

We sustain appellant's second issue.

## Conclusion

We reverse and remand this case to the trial court.

Justice SAM NUCHIA concurring.

SAM NUCHIA, Justice, concurring.

I agree that the prevailing law requires a finding of automatic harm when a criminal defendant's request for a lesser included offense is erroneously refused. *See Saunders v. State*, 913 S.W.2d 564, 571–72 (Tex.Crim.App.1995) (recognizing an exception only where another lesser included offense was submitted). Nevertheless, I write to explain that a rule of automatic harm is not only antithetical with the basic principles established by *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984) and *Arline v. State*, 721 S.W.2d 348 (Tex.Crim. App.1986), but also produces an absurd result when applied to the facts of this case.

The rationale for the automatic harm rule comes from *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). *See Saunders*, 913 S.W.2d at 571. The danger to be avoided is placing a jury on the horns of a dilemma in which, though believing the defendant to have committed some crime, being given only the options of finding the defendant guilty of a greater offense or not guilty at all, the jury may have chosen to find him guilty of the greater offense, rather than acquit him altogether, even though having a reasonable doubt of the defendant's guilt of the greater offense. *Beck*, 447 U.S. at 634, 100 S.Ct. at 2388.

The Court of Criminal Appeals recognized in *Saunders* a critical distinction for those cases in which the *Beck* rationale did not apply because another lesser included offense was submitted, obviating the jury from making the all-or-nothing choice. *Saunders*, 913 S.W.2d at 572. The result was to analyze harm under *Almanza*. *See id.* at 574.

This case presents the situation where, even though there is a scintilla of evidence raising the issue of guilt of the lesser offense, thereby requiring submission of the lesser included offense, the evidence is so overwhelming that the value of the vehicle was more than $20,000 that no rational jury would have found appellant guilty of only the lesser included offense. Under these circumstances, the rationale of *Beck v. Alabama* is also not applicable.

Accordingly, I would urge the Court of Criminal Appeals to reconsider the appli-

cability of the automatic harm rule to cases, such as this one, where the likelihood of a jury finding the defendant guilty of the lesser included offense is negligible, *i.e.*, in terms of *Almanza* and *Arline*—amounting to only theoretical, but not actual harm.