Opinion issued October 20, 2005










     




In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00076-CR




NATHAN BERNARD GUILLORY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 964311








 
MEMORANDUM OPINION

          Appellant, Nathan Bernard Guillory, was charged by indictment with the felony
offense of murder by shooting the complainant with a deadly weapon, namely a
firearm. See Tex. Pen. Code Ann. § 19.02 (Vernon 2003). The primary offense was
enhanced by a prior felony conviction for possession of a controlled substance. 
Appellant pleaded not guilty to the charge and true to the enhancement. See Tex.
Pen. Code Ann. § 12.42(c)(1) (Vernon Supp. 2004–2005). A jury found appellant
guilty as charged and the trial court assessed punishment at confinement for 60 years
in prison.
          On appeal, appellant argues that (1) the evidence was factually insufficient to
support a conviction, (2) out-of-court statements were admitted as impermissible
hearsay evidence, (3) out-of-court statements were admitted in violation of the
Confrontation Clause of the United States Constitution, and (4) evidence of gang
affiliation was admitted as impermissible character evidence.
          We affirm.
Background
          On September 18, 2003, the complainant, Lamont Hollie, died of a gunshot
wound to the chest. An initial investigation revealed most of the background facts. 
Earlier that day, Hollie had been sitting on the steps of an apartment complex with a
friend. The two were drinking beer and “trash-talking” to passersby. At one point,
a woman identified only as Latasha passed by and Hollie asked her for a cigarette. 
Latasha said no and Hollie began arguing with her. She got mad and threatened to
come back with some friends. Latasha left and Hollie and his friend went to the
apartment of Rebecca Tijerna, a resident who sold snacks to other residents. While
they were inside buying nachos, they heard voices outside calling them back out, and
the two left. Later, Tijerna heard shots, but she did not look to see what had
happened.
          A few weeks later, Delia Rubio, the daughter of Tijerna, contacted police and
told them that she had witnessed the murder. She testified at trial that she waited to
notify police because she had been threatened not to speak. Feeling she and her
children were in danger, Rubio moved to San Antonio and then contacted police.
          At trial, Rubio testified that she had seen the earlier argument between Latasha
and Hollie and that she had been outside her mother’s apartment when Hollie and his
friend were in the apartment buying nachos. She saw appellant, Nathan Bernard
Guillory, with Latasha and another man, calling for Hollie and his friend to come out. 
She went inside and told the two to leave because she was concerned about the safety
of her children, who were there. Hollie opened the door, and appellant pulled him
outside.
          Rubio stepped outside and watched the four men fight. Appellant and Hollie
were fighting each other. During the fight, Hollie slipped in the mud and fell. Rubio
saw appellant then pull a gun out and shoot Hollie multiple times. Both Hollie and
his friend ran away. Eventually, Hollie made his way to a parking lot and collapsed. 
He was found by local police and taken by ambulance to the hospital where he later
died.
Factual Sufficiency
          In his first issue, appellant argues that the evidence at trial was factually
insufficient to support a conviction. 
A.     Standard of Review and Applicable Law
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). We must defer appropriately to the
fact-finder to avoid substituting our judgment for its judgment. Zuniga, 144 S.W.3d
at 481–82. Our evaluation may not intrude upon the fact-finder’s role as the sole
judge of the weight and credibility accorded any witness’s testimony. Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact-finder alone determines what
weight to place on contradictory testimonial evidence, as it depends on the
fact-finder’s evaluation of credibility and demeanor. Id. at 408–09. In conducting
a factual-sufficiency review, we must discuss the evidence that, according to
appellant, most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).B. Analysis
          In support of his argument, appellant contends that (1) the State’s main witness
had poor credibility; (2) there was no physical evidence linking appellant to the
murder; and (3) no additional evidence was provided that linked appellant to the
murder.
          Appellant’s first argument is that the State’s main witness, Delia Rubio—an
eyewitness to the shooting, lacks credibility. Appellant points to inconsistencies in
Rubio’s testimony and highlights character issues that were raised about her.


 
Because of the inconsistencies and character issues, appellant argues that Rubio’s
testimony could not factually support a conviction.           
          A basic tenet of factual sufficiency review is that this court may not reweigh
the evidence—including reviewing the credibility of witnesses. Cain, 958 S.W.2d
at 407. It was for the jury to evaluate any inconsistencies or character issues. Id. A
jury’s decision is not erroneous merely because the jury resolved the inconsistencies
in favor of the State. Ray v. State, 106 S.W.3d 299, 302 (Tex. App.—Houston [1st
Dist.] 2003, no pet.).
          Appellant’s second and third arguments are that there was no physical evidence
linking appellant to the murder and that no additional evidence was provided linking
appellant to the murder other than Rubio’s eyewitness testimony. Neither is
necessary to support a conviction.


 The testimony of a single eyewitness, such as
Rubio, is sufficient to support a felony conviction. See Bowden v. State, 628 S.W.2d
782, 784–85 (Tex. Crim. App. 1982) (holding that the testimony of a single
eyewitness can be factually sufficient to support a felony conviction). The lack of
physical or forensic evidence is only one factor for the jury to consider in weighing
 the evidence.
          Appellant’s first point of error is overruled.
Hearsay
          In his second point of error, appellant argues that three out-of-court statements
were admitted as impermissible hearsay evidence.
A.      Standard of Review and Applicable Law
          A trial court’s decision to admit or exclude evidence is reviewed under an
abuse of discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App.
2002). An appellate court will not reverse a trial court’s ruling unless that ruling falls
outside the zone of reasonable disagreement. Id.
          Hearsay is a statement, other than one made by the declarant while testifying
at trial, that is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). 
An extrajudicial statement or writing that is offered for the purpose of showing what
was said rather than for proving the truth of the matter asserted does not constitute
hearsay. Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); Ellis v.
State, 99 S.W.3d 783, 788 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).
B.      Analysis
          Appellant complains of three people being quoted by another person on the
stand. Officer Michael Parrie testified to statements he obtained from two people
during his investigation of the murder scene—one from Rebecca Tijerna and the other
from Gabriel Lerma. Rubio testified to a statement made by Latasha, a woman
involved in the argument that preceded the murder.
          i.        Tijerna and Lerma
          During Officer Parrie’s investigation of the crime scene, he talked to two
people about what they knew about the murder. One was Rubio’s mother, Rebecca
Tijerna. Tijerna ran a small cantina out of her apartment near the scene of the crime. 
Over objection, Officer Parrie testified that Tijerna told him that “two black men had
come into her apartment and had just bought some nachos and she heard a voice
calling them back out into the courtyard. A short time after that, she heard gunshots.”
          Officer Parrie also talked to Gabriel Lerma. Lerma had seen the victim shortly
before he had been shot to death. The testimony went as follows:
          Q.      Did he tell you – what exactly did he tell you he saw that evening?

          A.      He said he observed –

          [Defense Counsel]: Your honor, I’d object at this point as to hearsay.

The Court: That will be overruled. I’ll let him answer to show what was
made in the context it was taken.

                    You may proceed.

          A.      Mr. Lerma said he had seen two black males in that area earlier and they
were having a verbal confrontation with a young black female. He also
said that the two young males were, I guess, trash-talking to anybody
that would walk by. They were sitting on the steps drinking beer. Hey,
we got out of prison, we’re bad, we’re not going to take anything from
anybody.

          Q.      Did Mr. Lerma indicate what the altercation with the black female was
about?

          A.      He said he observed – let me see what he said. That the female walked
back with a pack of cigarettes and the victim, whom Mr. Lerma
apparently knew, asked the female for a cigarette. She told him no and
the victim called her a ho and she intimated there was going to be
trouble.

          Appellant challenges both responses by Officer Parrie. The second response,
however, was not properly preserved. In order to preserve error in admitting
evidence, a party must make a proper objection and obtain a ruling from the court. 
Tex R. App. P. 33.1; Valle v. State, 109 S.W.3d. 500, 509 (Tex. Crim. App. 2003). 
The party is then required to continue to object each time the inadmissible evidence
is offered or obtain a running objection. Id. While appellant properly preserved his
objection for Officer Parrie’s first response, he failed to object again or to obtain a
running objection before the second response. We therefore limit our consideration
of error to Officer Parrie’s testimony about Tijerna and the first part of his testimony
about Lerma.
          The State argues that Officer Parrie’s testimony was not offered to prove the
truth of the matter asserted, “but to establish the course of events that took place
during the officer’s investigation.” An officer is permitted to testify to information
upon which he acted. Schaffer v. State, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989). 
However, the officer “should not be permitted to relate historical aspects of the case,
replete with hearsay statements in the form of complaints and reports on grounds that
she was entitled to tell the jury the information upon which she acted.” Id. at 115. 
          Testimony commonly has an impermissible hearsay aspect as well as a
permissible nonhearsay aspect. Id. at 114. In the present case, however, there does
not appear to be a permissible nonhearsay aspect. As appellant points out, Officer
Parrie had no further involvement in the case beyond conducting the initial scene
investigation and no suspects were identified as a result of anything Officer Parrie
was told at the scene. Furthermore, because Officer Parrie was already on the scene
when he received Tijerna’s and Lerma’s comments, they were not necessary to
establish how he became involved in the case. Officer Parrie’s testimony of Tijerna’s
and Lerma’s comments were not necessary for the jury’s understanding of any action
he or anyone else subsequently took. Therefore, we hold that the trial court erred in
admitting the testimony.
          Next we must consider if the error resulted in harm. The admission of a
statement that is hearsay is non-constitutional error subject to a harm analysis under
Rule of Appellate Procedure 44.2(b). Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998). Non-constitutional error “must be disregarded” unless it affected
the defendant’s “substantial rights.” Tex. R. App. P. 44.2(b). A defendant’s
substantial rights are affected “when the error had a substantial and injurious effect
or influence in determining the jury’s verdict.” King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997). If the error had no or only a slight influence on the verdict,
the error is harmless. See Johnson, 967 S.W.2d at 417.
          Appellant argues that the harm created by this error is that it bolstered Rubio’s
testimony in that it “suggested to the jury that she was believable by giving them the
impression there were more witnesses on the scene.” Even if we assume this is true,
this does not demonstrate a substantial and injurious effect on the jury’s verdict. The
wrongly admitted testimony did not identify the appellant and it did not describe the
events at the time of the shooting. Lerma’s statement acknowledged only that Hollie
was “trash-talking” and got in an argument with a woman before he was later shot. 
Tijerna’s statement established only that two black men were called out of her
apartment before she heard shots. These statements simply provide the background
events surrounding the murder. Accordingly, we hold that the error did not affect
appellant’s substantive rights.
 
 
          ii.       Latasha
          During her testimony, the State asked Rubio what she had heard a woman,
identified only as Latasha, say during the fight just before the victim was shot. After
the trial court overruled appellant’s objection, Rubio testified that she heard Latasha
say, “Yeah, that’s what y’all n---ers get for f--king with me.”
 
          Here there is no matter to assert, so there cannot be hearsay. Dinkins, 894
S.W.2d at 347. The statement was admitted only to show what Latasha said, not to
prove the truth of any matters asserted. We hold that the trial court did not err in
admitting this statement.
          Appellant’s second point of error is overruled.
Confrontation Clause
          In his third point of error, appellant objects to the same testimony discussed in
point of error number two as a violation of the Confrontation Clause of the United
States Constitution. U.S. Const. amend. VI. This objection, however, was not raised
at trial. 
          For appellant to have preserved error, the record must show that he made a
timely and specific objection to the admission of the complained-of testimony, and
that the trial court made an express or implied ruling on the objection. Tex. R. App.
P. 33.1; Tex. R. Evid. 103. The point of error on appeal must comport with the
objection made at trial. Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App.
1986). At trial, the appellant objected on the grounds of hearsay. A hearsay
objection is not an objection to a violation of the right to confront. Holland v. State,
802 S.W.2d 696, 700 (Tex. Crim. App. 1991). “The two are neither synonymous nor
necessarily coextensive.” Id. Because appellant’s complaint on appeal does not
comport with his trial objection, he has waived this issue. Tex. R. App. P. 33.1;
Thomas, 723 S.W.2d at 700.
          Appellant’s third point of error is overruled.
Character Evidence
          In his fourth point of error, appellant argues that evidence of appellant’s gang
affiliation was admitted as impermissible character evidence. Tex. R. Evid. 404(b). 
This objection was not raised at trial.
          At trial, the State offered the testimony of Derrick Miles. On the witness stand,
Miles testified that he and appellant were members of the Black Disciples. He further
stated that the Black Disciples was an “organization” and not a street gang. At all
times relevant to this testimony, however, appellant’s only objections to the testimony
in question was relevance. In order to preserve error, the point of error on appeal
must comport with the objection at trial. Tex. R. App. P. 33.1; Thomas, 723 S.W.2d
at 700. Appellant has waived this issue.
          Appellant’s fourth point of error is overruled.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do Not Publish. See Tex. R. App. P. 47.2(b).