Affirmed and Memorandum Opinion filed December 8, 2005









Affirmed
and Memorandum Opinion filed December 8, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00800-CR

____________

 

GUILLERMO MEDRANO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 988,837

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Guillermo Medrano, appeals his
felony conviction of engaging in organized crime.  Appellant was sentenced following a jury trial
to eighteen years= confinement and a $10,000 fine.  In two points of error, appellant contends
(1) there is legally and factually insufficient evidence to support his conviction
and (2) inadmissible hearsay was admitted at his trial.  We affirm.








Appellant and several other individuals
were involved in an auto theft ring in which they stole Toyota vehicles,
altered the vehicle identification numbers, made false titles, and transported
the cars to Mexico, Honduras, or Guatemala for resale.  One member of the theft ring worked at a
Toyota dealership and made Areplacement@ keys using
targeted cars= vehicle identification numbers; the key
could later be used to steal the car without causing any damage to the vehicle.

In his first point of error, appellant
argues there is legally and factually insufficient evidence to support his
conviction.  Specifically, appellant
contends: (1) the State did not prove the vehicles  listed in the indictment were stolen because
the vehicles= owners did not testify, (2) police
officer witnesses were not qualified to establish the value of the stolen
vehicles, and (3) evidence at trial did not prove the vehicles listed in the
indictment were stolen by appellant or his associates.

In a legal sufficiency review, we consider
all evidence in a light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Moff v. State, 131 S.W.3d 485,
488 (Tex. Crim. App. 2004).  In
conducting this review, we do not engage in a second evaluation of the weight
and credibility of the evidence, but ensure only that the jury reached a
rational decision.  Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993). 
In a factual sufficiency review, there is only one question:  AConsidering all
evidence in a neutral light, was a jury rationally justified in finding guilt
beyond a reasonable doubt?@  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim.
App. 2004).  There are two ways the
evidence may be factually insufficient: (1) evidence supporting the verdict,
considered alone, may be too weak to support a finding of guilt beyond a
reasonable doubt or (2) there may be evidence both supporting and contrary to
the verdict but the contrary evidence is so significant that guilt beyond a
reasonable doubt could not have been found at trial.  Id.








Appellant contends the State failed to
prove the vehicles were stolen because the vehicle owners did not testify.  The owner of stolen property is frequently
called as a witness to (1) identify the stolen property,[1]
(2) testify as to its value,[2]
and (3) establish that it was appropriated without the owner=s effective
consent.[3]  However, in determining legal sufficiency, we
must determine whether any rational trier of fact could have found (based on
all of the evidence admitted at trial including any unobjected‑to
hearsay) the essential elements of the offense beyond a reasonable
doubt.  Poindexter v. State, 153
S.W.3d 402, 406B07 (Tex. Crim. App. 2005).  Here, appellant made no objection to the
testimony of police officers who identified the stolen property, attested to
its value, and established that it was appropriated without the owners= effective
consent.  Further, it has long been
established that proof of ownership may be established by circumstantial
evidence. Villani, 116 S.W.3d at 306; also Stewart v. State, 9
Tex. App. 321, 325B26 (1880) (Ait may safely be
laid down as a rule that non-consent of the owner in cases of theft may be
proven either by the testimony of the owner himself or by circumstantial
evidence . . .@). 
Here, police officers testified that each of the eighteen vehicles
listed in the indictment were reported stolen by their owners.  There was also testimony that the vehicle
identification numbers on several of these vehicles had been altered.  There is, therefore, ample evidence to support
the jury=s verdict.  Appellant=s legal
insufficiency claim on this basis fails. 
Appellant=s factual insufficiency claim also
fails.  Testimony from police officers
that each vehicle was reported stolen is not too weak to support a guilty
verdict, and there is no evidence contradicting this fact.








Appellant, within his sufficiency
arguments, contends Athe State never proved [the police
officers=] testimony as to
value were expert witnesses regarding automotive value.@  Appellant acknowledges that officers
testified the total value of the stolen cars in the indictment is greater than
$100,000, as was required to convict him. 
Appellant did not object to the competence of police officer testimony
as to value.  He has, therefore,
forfeited any issue of competency of this evidence.  Moff, 131 S.W.3d at 490; Brown v.
State, 640 S.W.2d 275, 279 (Tex. Crim. App. 1982); Bullard v. State,
533 S.W.2d 812, 815 (Tex. Crim. App. 1976). 
We hold there is legally sufficient evidence to support appellant=s conviction on
this basis.  Again, there is no contrary
evidence of value in the record and the evidence introduced is not too weak to
support the jury=s verdict. 
Appellant=s factual insufficiency claim on this
ground also fails.

Appellant claims the State did not prove
beyond a reasonable doubt the vehicles listed in the indictment were stolen by
members of the auto theft ring.  He
argues the State proved only that appellant was Awith people who
stole vehicles and knew some of them.@  Appellant does not discuss what evidence is
deficient to support the verdict, nor does he mention any evidence contrary to
the verdict.

At trial, Officer RinconesCan officer who
went undercover into the theft ring as a driver for Elvis Pineda, an indicted
member of the combinationCtestified he personally talked to
appellant and eight other combination members about aspects of the auto theft
ring.  Rincones stated appellant spoke to
him about Ahot cars@ and discussed
forming a new auto theft ring that would ship cars only to Mexico.  Appellant showed Rincones three vehicles in a
hotel parking lot, with a total value of $28,000, that were listed in the
indictment as stolen.  In the hotel room,
appellant showed Rincones altered titles used to sell the stolen vehicles, and
Rincones recovered a typewriter from the room with a vehicle identification
number imprinted on its ribbon matching one of the vehicles, valued at
$14,000,  listed in the indictment.  This same car was recovered from a
combination member who drove for appellant. 
Rincones also testified he attended a meeting of theft ring members and
was told to leave once appellant arrived. 
A video was played at trial showing appellant=s arrival at the
meeting in one of the stolen trucks, valued at $22,000, listed in the
indictment.[4]









The video also showed a member of the
theft ring driving a stolen Freightliner tractor valued at $40,000; Rincones
testified Elvis Pineda was one of the people sending the Freightliner to
Mexico, towing a stolen truck.  Another
undercover policeman, Officer Lopez, was present when Elvis Pineda and
appellant phoned vehicle identification numbers to a theft ring member, Garcia,
who was employed at a Toyota dealership. 
Garcia used these numbers to cut spare keys to vehicles later stolen by
the combination.  Appellant visited
Garcia at the Toyota dealership when Officer Lopez, working at the dealership
undercover, answered a phone call from Elvis Pineda.  Appellant spoke with Pineda and said Aoh, you=ve got another
one,@ and wrote down a
vehicle identification number.  Appellant
then gave the vehicle identification number to Garcia, who went to cut a
key.  Garcia came back, handed a bag to
appellant that sounded as though it contained metal keys, and laughed, telling
appellant he would need more key blanks because Garcia had already made twenty
keys.  Garcia did not document the
cutting or sale of the keys he made.

If any rational juror could find
the elements of the crime beyond a reasonable doubt when viewing evidence in a
light most favorable to the prosecution, the verdict will be upheld in a legal
sufficiency review.  Lacour v. State,
8 S.W.3d 670, 671 (Tex. Crim. App. 2000). 
From the facts recited above, a rational juror could find appellant was
part of an organized crime combination and that he or members of the
combination stole vehicles with a total value of more than $100,000.  Viewing the entire record in a neutral light,
we also find factually sufficient evidence to support appellant=s conviction: The
evidence is not too weak, and there is no significant contrary evidence to show
guilt could not be proven beyond a reasonable doubt at trial.  Accordingly, appellant=s first issue is
overruled.

Appellant asserts in his second point of
error that inadmissible hearsay was allowed at trial that tainted his
case.  Specifically, appellant complains
of testimony from one Brownsville police officer that a man named Ayala told
him appellant sold Ayala stolen Toyota vehicles.








It is non-constitutional error to allow
inadmissible hearsay at trial; this error is harmless if, after examining the
record as a whole, we are reasonably assured the error either did not influence
the jury verdict or had only a slight effect. 
Garcia v. State, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); Chapman v. State,
150 S.W.3d 809, 814 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d). 
Improper admission of evidence is not reversible error if the same or
similar evidence is admitted without objection at another point in the
trial.  Brooks v. State, 990
S.W.2d 278, 287 (Tex. Crim. App. 1999); Mayes v. State, 816 S.W.2d 79,
88 (Tex. Crim. App. 1991).

After examining the record, we find no
harm in the admission of this officer=s testimony.  The officer testified he was approached by
Ayala and asked to check certain vehicles to make sure they were not stolen;
the officer did so and discovered five stolen Toyota trucks.  Ayala arranged for the officer to meet the
man who sold Ayala the trucks; that man was appellant.  The officer testified appellant, after the
officer introduced himself as a law enforcement investigator, admitted he sold
those five trucks to Ayala.  Appellant
did not, and could not, object to this statement because it is
admissible hearsay by a party opponent.  See
Tex. R. Evid. 801(e)(2)(A).  Appellant=s second point of
error is overruled.

The judgment of
the trial court is affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed December 8, 2005.

Panel
consists of Justices Hudson, Frost, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  See, e.g.,
Anderson v. State, 871 S.W.2d 900, 903 (Tex. App.CHouston [1st Dist.] 1994, no pet.) (observing that
owner identified the stolen car as his own).





[2]  See, e.g.,
Ray v. State, 106 S.W.3d 299, 301 (Tex. App.CHouston
[1st Dist.] 2003, no pet.) (holding the fair market value of stolen property
may be established by an owner=s opinion of the value).





[3]   Appropriation
of property is unlawful only if it is without the owner=s effective consent. 
See Tex. Pen. Code Ann.
' 31.03(b)(1), (2) (Vernon 2003); Villani v. State,
116 S.W.3d 297, 302 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding appropriation of property is unlawful if
it is without the owner=s effective consent).





[4]  This vehicle
was not reported stolen until approximately two weeks after appellant drove it
to the meeting; it was stolen from a dealership lot.  Officer Rincones testified that, when Elvis
Pineda saw appellant drive up, he called him stupid for driving a Ahot@ truck.