Opinion issued December 14, 2006

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00229-CR






SHAWN HENRY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1039981






MEMORANDUM OPINION


 Appellant, Shawn Henry, pleaded not guilty to the offense of felony theft of a
motor vehicle, a Center Point Energy truck, valued at over $20,000 and less than
$100,000. A jury rejected appellant's necessity defense, found him guilty, also
rejected his request for community supervision, and assessed his punishment at six
years' confinement in prison. In his sole issue on appeal, appellant contends that the
State did not prove ownership or the value of the truck beyond a reasonable doubt
and, therefore, that the trial court abused its discretion by denying appellant's motion
for directed verdict. We affirm. 

Background


 Shortly after dark on a September evening, Alvin Warren, a Center Point
Energy cable splicer, was working below street level with another Center Point
Energy worker. Warren had left the lights of his Center Point Energy truck flashing
and the motor running to power a generator on the truck that supplied electrical light
and aeration for the underground repair work that he and his coworker were
performing that evening. 

 When Warren's underground light went out suddenly, he climbed up the
manhole-access ladder to return to street level, where he saw his truck at the corner
of Pease and Smith streets. He then saw the truck being driven at high speed down
Smith Street, but in the wrong direction and against the flow of traffic. 

 Appellant acknowledged that he had taken the truck. Observers on other
Houston streets described appellant's driving as high speed and erratic. He nearly
collided with a group of pedestrians at an intersection and collided with another
vehicle. Several police-officer witnesses who were in the area of the Harris County
criminal courts testified that appellant eventually crashed the truck into a light pole
at the corner of San Jacinto and Franklin streets after attempting a left-hand turn from
the right lane of traffic. The impact of the crash threw the generator and several
pieces of equipment off the truck. The truck was only six months old, but was
beyond repair after the collision. Though he agreed that he took the truck, appellant
claimed that he was being pursued by men who had guns and would attack and kill
him, and that he drove to the courthouse area to get help from the sheriff's
department. An officer at the scene testified that appellant admitted that he had
consumed cocaine. 

Standard of Review


 A challenge to a ruling on a motion for instructed verdict presents a challenge
to the legal sufficiency of the evidence. See Madden v. State, 799 S.W.2d 683, 686
(Tex. Crim. App. 1990); Garcia v. State, 17 S.W.3d 1, 4 (Tex. App.--Houston [1st
Dist.] 1999, pet. ref'd). In reviewing a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a rational
trier of fact could have found the elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-319, 99 S. Ct. 2781, 2788-89 (1979). We do
not reweigh the evidence when we address a legal sufficiency challenge. See King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Fite v. State, 60 S.W.3d 314,
317 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). If any evidence establishes
guilt beyond a reasonable doubt, and if the fact finder believes that evidence, then this
Court may not reverse the fact finder's judgment on legal insufficiency grounds. 
Gaines v. State, 874 S.W.2d 733, 735 (Tex. App.--Houston [1st Dist.] 1994, no pet.).

 A person commits third-degree felony theft by unlawfully appropriating
property, worth $20,000 or more and less than $100,000, with intent to deprive the
owner of the property. Tex. Pen. Code Ann. § 31.03(a), (e)(5) (Vernon Supp. 2006);
see Ray v. State, 106 S.W.3d 299, 301 (Tex. App.--Houston [1st Dist.] 2003, no
pet.). 

Challenge to Ownership Element of Theft


 Appellant acknowledges that Warren testified that the value of the Center Point
Energy truck was between $40,000 and $50,000. Appellant focuses instead on the
"owner" element of the offense of theft and the indictment, which accused appellant
of "acquiring and exercising control over property, namely a motor vehicle, owned
by Alvin Warren . . . (emphasis added)." Appellant argues that the actual owner of
the truck was Center Point Energy Company, and that Warren's statement that the
value of the ruined truck was between $40,000 and $50,000 was hearsay. Appellant
further contends that Warren's statement neither established that he had personal
knowledge of the value of the truck, nor met the requirements of section 31.08(a) of
the Penal Code, which defines "value," for purposes of the theft statute, as either of
the following:

 (1) the fair market value of the property . . . at the time and place of
the offense; or 


 (2) if the fair market value of the property cannot be ascertained, the
cost of replacing the property within a reasonable time after the
theft.


Tex. Pen. Code Ann. § 31.08(a) (Vernon 2003); see Ray, 106 S.W.3d at 301
(quoting same). 

 The theft statute does not define "fair market value," but case law describes
these terms as the amount the property would sell for in cash, given a reasonable time
for selling it. Ray, 106 S.W.3d at 301 (citing Keeton v. State, 803 S.W.2d 304, 305
(Tex. Crim. App. 1991)). Fair market value may be established by evidence of the
retail price or sale price, by an owner's opinion testimony of value, or an expert's
opinion of value. Ray, 106 S.W.3d at 301 (citing Keeton, 803 S.W.2d at 305). Though appellant contends that Center Point Energy, and not Warren, was the
owner of the demolished truck, the court's charge to the jury properly instructed that
a person may qualify as the "owner" of property if the person has "possession of the
property . . . or a greater right to possession of the property than the actor." See Tex.
Pen. Code Ann. § 1.07(35(A) (Vernon Supp. 2006). Warren identified the
demolished truck as his truck, Number 2824, and stated that the truck was "assigned"
to him. See id. Moreover, appellant acknowledged, under cross-examination, that
Warren had "a greater right of possession of that truck than [appellant]." 
Accordingly, the evidence is legally sufficient to establish that Warren had possession
of the truck, a greater right to possess the truck than appellant, and, therefore,
establishes that Warren was the owner of the truck, as stated in the indictment, for
purposes of the theft statute. See id. 

 A person who qualifies as the owner of property may testify as to the value of
the property by stating his opinion or his estimate concerning value using general and
commonly understood terms. See Ray, 106 S.W.3d at 301 (citing Sullivan v. State,
701 S.W.2d 905, 909 (Tex. Crim. App. 1986)). In a theft prosecution, an owner who
attests to a value of stolen property is presumed to be stating an estimated fair market
value, in accordance with section 31.08(a) of the Penal Code. See Sullivan, 701
S.W.2d at 909. In addition to stating the value as over $20,000, specifically, between
$40,000 and $50,000, Warren stated that the truck was new, had been purchased just
six months earlier, and was damaged beyond repair. 

 We hold that the evidence is legally sufficient to establish that the truck
appellant demolished was worth over $20,000, but less than $100,000, and that the
trial court properly overruled appellant's motion for directed verdict.

 We overrule appellant's sole issue. 


Conclusion


 We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Do not publish. Tex. R. App. P. 47.2(b).