Opinion issued February 1, 2007



     








In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00139-CR




CYNTHIA ANN ROBALIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 21st District Court
Burleson County, Texas
Trial Court Cause No. 12682




O P I N I O N
          Appellant, Cynthia Ann Robalin, appeals a judgment that convicted her of
making a false statement to obtain property valued at $20,000 or more but less than
$100,000, a third-degree felony. See Tex. Pen. Code Ann. § 32.32 (Vernon 2003). 
Appellant pleaded not guilty to the jury. The jury found her guilty and assessed
punishment at three years in prison and a fine of $5,000. On appeal, appellant
challenges the legal sufficiency of the evidence to sustain her conviction, and asserts
that the trial court erred by denying her requested jury instruction on a lesser-included
offense. We conclude that the evidence is legally sufficient to sustain appellant’s
conviction, but that the trial court erred by refusing to instruct the jury on the lesser
offense of state jail felony false statement to obtain property. We therefore reverse
the judgment and remand for a new trial.


Background
          In May 2003, appellant purchased a used Pontiac Trans Am from the Caldwell
Country auto dealership in Burleson County. Appellant’s own credit was insufficient
to obtain financing, so she offered her ex-husband, Lance Robalin, whom she had
divorced fourteen years ago, as co-borrower. In the primary borrower section of the
dealership’s joint application for credit, appellant supplied her address and home
phone number claiming that they were Lance’s, provided his correct Social Security
Number and employment information from his previous job, and gave his 2001 W-2
form to the dealership as proof of income. 
          Appellant’s boyfriend, Kevin Fox, went with her to the dealership to pick up
the vehicle. Fox signed Lance’s name to the credit application, and appellant signed
her own name. Fox also signed Lance’s name to an Application for Texas Certificate
of Title and two other finance documents. When asked for identification, Fox did not
provide any, claiming that he had left his wallet at work when appellant picked him
up. Fox promised the dealership’s finance manager that he would fax the information
to him as soon as he got back to work. 
          Two days after the car was taken from the dealership, Lance received a
telephone call from the dealership asking him to finish the paperwork for the loan
application. Until that phone conversation, he was not aware that the transaction had
taken place. Lance reported the misuse of his identity to the auto dealership and to
the local police department. Upon checking his credit report, Lance discovered that
the report included several credit inquiries from auto dealerships in Texas. When the
dealership employees contacted appellant about the problems with the credit
documents, appellant returned the car to the dealership, and was later charged with
False Statement to Obtain Property.


 
          In her defense at trial, appellant testified that Lance had allowed her to use his
name but that he was now denying it because his current wife had gotten angry about
his involvement. Appellant also contended that the car dealership was aware that Fox
was not Lance and that dealership employees had suggested the misuse of Lance’s
signature so that the sale of the car could take place immediately. 
Evidence Concerning Value of Car
          The evidence concerning the value of the car came in the form of witness
testimony and documents. One of the documents is the Application for Texas
Certificate of Title that lists the sales price for the car at $20,099, plus tax of
$1,261.81. Another document is a “RETAIL INSTALLMENT SALE CONTRACT
SIMPLE FINANCE CHARGE” (the Retail Contract) that shows that the unpaid
balance owed for the car is $19,125.81, which is the amount due for the car after
crediting appellant’s $2,325 payment.



          It is undisputed that at the time that appellant took possession of the Trans Am,
she tendered a check for $2,325 to the dealership. However, the evidence was
inconsistent regarding whether the $2,325 payment by appellant was for a down
payment for the car or, instead, for the warranty for the car. As noted above, the 
Retail Contract shows that the $2,325 was for a cash down payment for the car. 
Additionally, in their testimony at trial, appellant referred to her payment as a “down
payment check” and William Moore, a salesman at the dealership, testified that
appellant “put down a percentage of the vehicle that was financed.” When
specifically asked whether the amount that appellant tendered was for the warranty,
Moore replied, “I wasn’t aware of that.” In contrast, Scott Bruce, the dealership’s
finance manager at the time of the transaction, testified that the payment by appellant
was for the warranty for the car. Bruce explained that “the bank would only finance
the value of the vehicle, and the warranty was over the value of the vehicle.”


Legal Sufficiency
          In her fourth issue, appellant contends that the evidence is legally insufficient
to establish her guilt because the State (1) failed to prove that the value of the vehicle
was $20,000 or more, and (2) failed to prove that appellant falsely informed the
dealership that Fox was named Lance Robalin. See Clewis v. State, 922 S.W.2d 126,
133 (Tex. Crim. App. 1996) (holding that appellate courts should first address legal
sufficiency claims which, if sustained, would result in acquittal). In assessing legal
sufficiency, we consider the entire trial record to determine whether, viewing the
evidence in the light most favorable to the verdict, a rational jury could have found
the accused guilty of all essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979); King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In conducting our review of the
legal sufficiency of the evidence, we do not reevaluate the weight and credibility of
the evidence, but ensure only that the jury reached a rational decision. Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993). 
          To prove third-degree felony false statement to obtain property, the State must
prove that a defendant “intentionally or knowingly [made] a materially false or
misleading written statement to obtain property . . . for himself or another[,]” and that
the value of the property is more than $20,000 but less than $100,000. Tex. Pen.
Code Ann. § 32.32(b), (c)(5). Appellant was indicted for making a false statement
to obtain the Trans Am. We therefore look to the value of the property and not to the
value of the credit in determining the sufficiency of the evidence.


 
          We determine value for the purposes of section 32.32 by looking to the fair
market value of the property at the time and place of the offense. Id. § 32.02(a)(1). 
Fair market value is the amount the property would sell for in cash, giving a
reasonable time for selling it. Keeton v. State, 803 S.W.2d 304, 305 (Tex. Crim. App.
1991) (construing section 31.08(a)(1) of Penal Code, value provision of Theft
chapter, which is identical to section 32.02(a)(1)). Retail price is one method of
proving fair market value. Id.; see also Stephens v. State, 377 S.W.2d 189, 190 (Tex.
Crim. App. 1964) (finding amount listed on price tag to be sufficient evidence of fair
market value). “No one method has ever been held to be exclusive.” Keeton, 803
S.W.2d at 305. “Use of various methods to show fair market value is certainly due
to the necessity for flexibility because of the various circumstances” from which an
offense may arise. Id. 
          The value of the property is reduced by any payments made by the defendant
for the property. Tex. Pen. Code Ann. § 32.02(d). The Penal Code states, “If the
actor proves by a preponderance of the evidence that he gave consideration for or had
a legal interest in the property or service stolen, the amount of the consideration or
the value of the interest so proven shall be deducted from the value of the property
or service ascertained[.]” Id. 
          Viewing the evidence in a light most favorable to the trial court’s verdict, the
Application for Texas Certificate of Title shows the sales price of the car was
$20,099, plus sales tax. Further viewing the evidence in a light most favorable to the
trial court’s verdict, the jury could have chosen to believe Bruce’s testimony that the
$2,325 payment by appellant was for the warranty for the car rather than for the car
itself. The $2,325 payment by appellant, therefore, would not have reduced the
amount owed for the car, which sold for a sales price of $20,099, according to the 
Application for Texas Certificate of Title. We conclude that the evidence, when
viewed in a light most favorable to the trial court’s verdict, would permit a rational
jury to find beyond a reasonable doubt that the property had a value greater than
$20,000. See Keeton, 803 S.W.2d at 305. 
          Further viewing the evidence in a light most favorable to the verdict, the record
shows that appellant made a false written statement to obtain the property. A
Caldwell Country employee testified that either he fills out the Joint Express
Application or the customer does, and that the application in evidence was not in his
handwriting. That document contained Lance’s incorrect address, his prior
employment information, and Fox’s forged signature. In addition, appellant’s
signature on the application for title certified “that all statements in this document are
true and correct to the best of my belief.” That document also contained Fox’s
signature as Lance Robalin, which appellant knew to be false. Thus, with the
evidence viewed in a light most favorable to the verdict, a rational jury could have
found beyond a reasonable doubt that appellant made a materially false written
statement to obtain property by filling out and signing the fraudulent joint application
for credit and the application for title. See King, 29 S.W.3d at 562. We hold that the
evidence is legally sufficient to establish appellant’s guilt for false statement to obtain
property valued over $20,000.
          We overrule appellant’s fourth issue.
Lesser Included Offense
          Appellant’s first issue challenges the trial court’s refusal of her requested jury
instruction on a lesser-included offense. Appellant contends that some evidence
shows that the value of the car was less than $20,000 and that the jury should
therefore have been charged on the lesser offense of false statement to obtain property
or credit of $1,500 or more but less than $20,000, a state jail felony. See Tex. Pen.
Code Ann. § 32.32(c)(4). The trial court denied appellant’s requested instruction,
finding “no evidence of a value less than $20,000.”
          Upon request, an instruction on a lesser-included offense “should be included
in the jury charge only if (1) the requested charge is a lesser-included offense of the
charged offense, and (2) there is some evidence that, if the defendant is guilty, she is
guilty only of the lesser offense.” Hayward v. State, 158 S.W.3d 476, 478 (Tex. Crim.
App. 2005). The first prong is met here because the only difference between the
offense of which appellant was convicted and the charge that she requested from the
trial court is the value of the property. See Pickens v. State, 165 S.W.3d 675, 679
(Tex. Crim. App. 2005) (“The greater offense, when properly alleged, necessarily
includes all the lesser included offenses whether each of their constituent elements
are alleged in the wording of the indictment on the greater offense or not.”) (quoting
Allison v. State, 618 S.W.2d 763, 764 (Tex. Crim. App. 1981)). Under the second
prong, we must examine the record to determine if there is some evidence that, if the
defendant is guilty, she is guilty only of the lesser offense. See Hayward, 158 S.W.3d
at 478. Our task is therefore to determine whether any evidence raises a fact issue
that the value of the property obtained was less than $20,000. See Lofton v. State, 45
S.W.3d 649, 652 (Tex. Crim. App. 2001) (holding that charge on lesser-included
offense not required when defendant presents no evidence or presents evidence that
no offense was committed). 
          As noted above, we determine value for the purposes of section 32.32 by
looking to the fair market value of the property at the time and place of the offense. 
Tex. Pen. Code Ann. § 32.02(a)(1). Fair market value is the amount the property
would sell for in cash, giving a reasonable time for selling it. Keeton, 803 S.W.2d at
305. Further, appellant’s evidence that she made a payment for the car requires that
we deduct that amount from the ascertained value of the property. See id. § 32.02(d).
          Assuming the jury believed the testimony of appellant and Moore, and
considered the Retail Contract, the jury could have determined that the $2,325
payment by appellant was a down payment for the car, rather than a payment for the
warranty for the car. Under that circumstance, the unpaid balance that appellant owed
for the car is $19,125.81, according to the Retail Contract. This evidence constitutes
some evidence that the value of the car was under $20,000. See Ray v. State, 106
S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that trial
court erred in refusing to instruct jury on lesser offense of state jail felony theft when
owner’s testimony acknowledged that value for vehicle could fluctuate to as low as
$19,999, which was amount in state jail felony punishment range, or as high as
$24,000, which was amount in third degree felony punishment range). We hold that
the trial court erred by failing to instruct the jury on the lesser offense because there
was some evidence in the record that the value of the property was under $20,000. 
          When a trial court improperly refuses a requested instruction on a
lesser-included offense, such that the jury is left with the sole option of either
convicting the defendant or acquitting him, a finding of harm is essentially automatic. 
Ray, 106 S.W.3d at 303. Appellant was sentenced to three years in prison; had she
been found guilty of the lesser offense, she could have been in state jail for a
maximum of two years. See Tex. Pen. Code Ann. §§ 12.34, 12.35 (Vernon 2003).
          We hold that appellant was entitled to an instruction on the lesser-included
state jail felony offense. We sustain appellant’s first issue.
Conclusion
          We reverse the conviction and remand to the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Publish. Tex. R. App. P. 47.2(b).