**Trung Minh LE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–04–00988–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 20, 2005.

**56**

Kyle B. Johnson, Houston, TX, for Appellant.

Trung Minh Le, Huntsville, TX, pro se.

Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Trung Minh Le, challenges the trial court's adjudication of guilt after being placed on deferred adjudication community supervision. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.2004–2005). On appeal, appellant's appointed counsel filed an *Anders* brief stating that he had not found arguable grounds for appeal. *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991). Appellant filed a pro se response to counsel's *Anders* brief asserting five points of error that he believed constituted arguable grounds for appeal. Concerning his original trial, appellant contends that (1) there was insuffi-

cient evidence to support a showing of guilt and (2) he did not understand that he was agreeing to a guilty plea because his translator and lawyer were ineffective. Concerning the hearing on the motion to adjudicate guilt, appellant contends that (3) he did not understand that he was pleading true to one of the allegations because his translator was ineffective, (4) the judge was biased, and (5) one of the witnesses lied under oath. Appellant also recounts his version of events that he testified to at the adjudication of guilt hearing and presents them as points of error.

We conclude that the appellant has raised no arguable grounds for appeal, we dismiss the appeal, and we grant appellant's counsel's motion to withdraw.

### Background

Appellant pleaded guilty on April 20, 2004 to the offense of aggravated assault with a deadly weapon. TEX. PEN.CODE ANN. § 22.02 (Vernon Supp.2004–2005). As a part of a plea bargain agreement, appellant was placed on a five year deferred adjudication community supervision and assessed a fine of $500. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2004–2005). On June 8, 2004, the State filed a motion to adjudicate guilt alleging violations of his community supervision. Appellant pleaded not true to four of the five alleged violations. After a hearing, the trial court found all five allegations to be true, adjudicated the appellant guilty, and assessed punishment at 10 years' confinement. TEX. PEN.CODE ANN. § 12.33 (Vernon 2003).

### *Anders* Procedure

██ Under *Anders*, once appellant's court-appointed counsel files a motion to withdraw as counsel and files a brief in which he concludes that there are no arguable grounds for appeal, we review the record and make an independent determination. *Anders v. California*, 386 U.S. at 744, 87 S.Ct. 1396; *Stafford v. State*, 813 S.W.2d at 511. We consider any pro se response appellant may file to the *Anders* brief, but we do not rule on the ultimate merits of his response. *Downs v. State*, 137 S.W.3d 837, 839 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd). If we find arguable grounds for appeal, we must abate the appeal, remand the case to the trial court, and allow the court-appointed attorney to withdraw. *Stafford*, 813 S.W.2d at 511. The trial court then must either appoint another attorney to present all arguable grounds for appeal or allow the defendant to proceed pro se if he desires. *Id.* If we do not find arguable grounds for appeal, we affirm the judgment of the trial court and allow the court-appointed attorney to withdraw. *Downs*, 137 S.W.3d at 842. However, if we find that the appellant does not raise a point of error from the decision to adjudicate that we have jurisdiction over, we must dismiss the appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992).

### Jurisdiction

██ This Court's jurisdiction on an appeal from an adjudication of guilt is extremely limited. No appeal may be taken from a trial court's determination of whether to proceed with an adjudication of guilt on the original charge. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004–2005). Thus, the trial court's decision to proceed with an adjudication of guilt is one of absolute, nonreviewable discretion. *Williams v. State*, 592 S.W.2d 931, 932 (Tex.Crim.App.1979); *Burger v. State*, 920 S.W.2d 433, 437 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). As a result, we lack the jurisdiction to consider the voluntariness of appellant's plea of true. *Phynes*, 828 S.W.2d at 2; *Hargrave*

*v. State*, 10 S.W.3d 355, 357, 360 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). This rule also prevents us from considering appellant's version of the facts for any potential error. *Phynes*, 828 S.W.2d at 2. Therefore, we can neither consider appellant's third point of error concerning his plea of time, nor review his recounting of his version of the facts for error.

■ For his fifth point of error, appellant claims that a witness lied on the stand. This is a credibility issue, which relates to the trial court's decision to proceed with an adjudication of guilt. *Washington v. State*, 127 S.W.3d 197, 204 (Tex.App.-Houston [1st Dist.] 2003, pet. dism'd). We lack jurisdiction to consider this point of error. *Id.*

This Court's jurisdiction to consider error from the original trial is also extremely limited. Error in the original plea proceeding must be appealed when the conditions of deferred adjudication were originally imposed. TEX.R.APP. P. 25.2(a)(2), (d); *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex.Crim.App.2001).[1] The time in which appellant could have appealed the original proceeding has passed, and appellant is barred from raising his first two points of error on this appeal.

As a result of our limited jurisdiction, we can only consider appellant's fourth point of error.

## Trial Judge Bias

■ Appellant essentially argues in his fourth point of error that the trial judge was biased because he believed the testimony of Manhtrang Nguyen, the original complainant, which appellant characterizes as deceptive. The trial court, as the finder of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and may accept or reject all or any part of the witnesses' testimony. *Williams v. State*, 911 S.W.2d 191, 194 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd). Showing simply that the trial court chose to believe one person's testimony over another's does not establish bias. *See Ray v. State*, 106 S.W.3d 299, 302 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (holding that a trier of fact's decision is not erroneous merely because it resolves inconsistencies between testimony in favor of the State). Appellant fails to identify any other action taken by the trial court that could establish bias, and in reviewing the record, we find none.

We conclude that there is no merit to appellant's fourth issue.

## Conclusion

After considering appellant's pro se response and conducting an independent examination of the appellate record, we conclude that there are no arguable grounds for appeal. Accordingly, we affirm the

---

1. We recognize that *Vidaurri* was based on the former Rules of Appellate Procedure. *Vidaurri v. State*, 49 S.W.3d 880, 884–85 (Tex.Crim.App.2001); TEX.R.APP. P. 25.2(b)(3), 66 TEX. B.J. 166 (Tex.1997, amended 2002). However, the text in the former Rule 25.2 that the Court of Criminal Appeals based its decision on is largely identical in the amended Rule. The historical notes to the amended Rule state, "The requirement in former subdivision 25.2(b)(3) that a plea-bargaining appellant's notice of appeal specify the right of appeal is replaced by a requirement in subdivision 25.2(d) that the trial court certify the defendant's right of appeal in every case in which a judgment or other appealable order is entered." TEX.R.APP. P. 25.2 cmt. Additionally, amended Rule 25.2(a)(2) lays out essentially the same requirements as former Rule 25.2(b)(3) and tracks the bases for appeal summarized in *Vidaurri*. *Vidaurri*, 49 S.W.3d at 883 (quoting *Brown v. State*, 943 S.W.2d 35, 41 (Tex.Crim.App.1997)). While the exact wording has changed to some degree, the ultimate purpose of the Rule has not.

judgment of the trial court and grant appellant's counsel's motion to withdraw.[2]

2. Appellant's counsel maintains a duty to inform appellant of the result of this appeal and of the fact that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App.1997); *Stephens v. State*, 35 S.W.3d 770, 771 (Tex.App.-Houston [1st Dist.] 2000, no pet.).