Roberto ONOFRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00435–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 16, 2006.

Clyde Williams, Houston, for appellant.

Roberto Onofre, Houston, pro se.

Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore III, Assistant District Attorney, Houston, for appellee.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

OPINION

SAM NUCHIA, Justice.

Appellant was charged by indictment with aggravated sexual assault of a minor, and the cause was tried to the court. The court found appellant guilty as charged and assessed punishment at five years in prison. Appellant's appointed counsel has filed an *Anders* brief.[1]

BACKGROUND

Appellant, a married man with five children, had a relationship with Delia B. and fathered a son, her third child. In 2002, Delia B.'s 10–year–old daughter (the "complainant") made an outcry to Delia B. regarding inappropriate touching by appellant in her "private." Approximately two months later, the complainant was taken to Children's Protective Services where she was interviewed and examined. The examination was inconclusive. Appellant was arrested and charged with aggravated sexual abuse of a child.

Appellant signed a waiver of his right to a jury trial. At trial, appellant's only defense was an attempt to show a motivation by Delia B. and her daughter to fabricate the accusation. After closing arguments and before the trial court announced its verdict, appellant asked to withdraw his waiver of jury trial. The trial court denied the request. Appellant's counsel then requested to withdraw on the basis that appellant thought he was being unduly pressured by counsel to enter into a plea bargain. Counsel said that appellant was confused by her presentation to him of the State's offers. The trial court explained to appellant, on the record, that it was common for the plea-bargain process to continue up to the time that a verdict is reached and that he did not have to accept what was offered, but that counsel was obligated to convey the offer to him. The trial court denied the motion to withdraw, and the proceedings continued. The trial court then announced its verdict of guilty.

DISCUSSION

Appellant's appointed counsel on appeal has filed an *Anders* brief, stating that she has found no arguable points of error to raise on appeal and moving to withdraw as counsel. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there are no arguable grounds for reversal. *Id.* 386 U.S. at 744, 87 S.Ct. at 1400; *see also High v. State,* 573 S.W.2d 807, 810

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct.   1396, 18 L.Ed.2d 493 (1967).

(Tex.Crim.App.1978). Appellant has filed a pro se brief.

A court of appeals has two options when an *Anders* brief and a subsequent pro se brief are filed. Upon reviewing the entire record, it may determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error or (2) that there are arguable grounds for appeal and remand the cause to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex.Crim.App.2005).

We have carefully reviewed the entire appellate record. We conclude that there is no reversible error and that the appeal is wholly frivolous. *See id.*

We affirm the judgment and grant counsel's motion to withdraw.[2]

---

**2.** Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim.App.2005); *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App.1997); *Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex.App.-Houston [1st Dist.] 2000, no pet.).