Opinion issued February 5, 2009


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00842-CV






TANIKA KENYA MARTIN, Appellant


V.


DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee






On Appeal from the 313th District Court

Harris County, Texas

Trial Court Cause No. 2002-05185J






MEMORANDUM OPINION


 After a bench trial, the trial court terminated the parental rights of appellant,
Tanika Kenya Martin, to her child, A.J.M. (1) Martin's court-appointed appellate
counsel filed a brief stating his conclusion that there is not a non-frivolous issue that
could be presented on appeal and that any appeal would be without merit. Martin's
counsel's brief includes a motion to withdraw, stating that he mailed a copy of the
brief to her, along with a letter advising her of her right to file a pro se response. 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. 

Background


 Appellee, Texas Department of Family and Protective Services (DFPS) filed 
its "Original Petition for Protection of a Child, For Conservatorship, and for
Termination in Suit Affecting the Parent Child Relationship" on June 6, 2002.
Without severing Martin's parental rights, the trial court entered an "Agreed Order
Modifying Prior Order and Decree in Suit Affecting the Parent-Child Relationship"
on January 6, 2005. On September 14, 2006, DFPS filed a "Motion to Modify
Conservatorship, For Termination of the Parent-Child Relationship, and Suit for
Protection of a Child in an Emergency." On September 17, 2007, after a 2-day bench
trial, the trial court issued an interlocutory order stating that the circumstances of the
child had materially and substantially changed since the trial court's January 6, 2005
order. The trial court appointed DFPS as the temporary managing conservator and
removed Martin as the managing conservator. The trial court found that all of the
requirements listed in section Family Code section 161.004 were met, (2) and it
terminated the parent-child relationship between Martin and A.J.M. Martin filed a
motion for new trial, which included her appellate points. In its order denying
Martin's motion for new trial, the trial court ruled that Martin's appellate points were
frivolous.

The Anders Brief Standard


 Martin's court-appointed attorney filed a brief containing a professional
evaluation of the record in accordance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 1400 (1967). Counsel concludes that the appeal has no merit. Counsel
provided Martin with a copy of the brief and informed her of her right to review the
record and file her own brief. See Onofre v. State, 193 S.W.3d 148, 149 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). DFPS waived its right to file a brief. This
Court issued an order informing Martin of her right to file a pro se brief; however,
Martin did not file a brief.

 Anders procedures are appropriate in parental-rights termination cases. In re
K.D., 127 S.W.3d 66, 67 (Tex. App.--Houston [1st Dist.] 2003, no pet.). When we
receive an Anders brief from an appellant's court-appointed attorney who asserts that
no arguable grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record. See Anders, 386 U.S. at 744, 87 S.
Ct. at 1400 (emphasizing that reviewing court--and not counsel--determines, after
full examination of proceedings, whether case is "wholly frivolous"); Stafford v.
State, 813 S.W.2d 503, 509-10 (Tex. Crim. App. 1991) (quoting same passage from
Anders).

 Our role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist. See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App.
2005). If we determine that arguable grounds for appeal exist, we must abate the
appeal and remand the case to the trial court to allow the court-appointed attorney to
withdraw. See id. at 826-27. The trial court must then either appoint another
attorney to present all arguable grounds for appeal or, if the defendant wishes, allow
the defendant to proceed pro se. See id. If we determine that there are arguable
grounds for appeal, appellant is entitled to have new counsel address the merits of the
issues raised. Id. "Only after the issues have been briefed by new counsel may [we]
address the merits of the issues raised." Id. If, on the other hand, we determine, from
our independent review of the entire record, that the appeal is wholly frivolous, we
may affirm the trial court's judgment by issuing an opinion in which we explain that
we have reviewed the record and have found no reversible error. See id. at 827-28. 
The holding that there are no arguable grounds for appeal is subject to challenge by
an appellant by a petition for review filed in the Texas Supreme Court. Cf. id. at 827
& n.6 (stating that appellate court's conclusion that there are no arguable grounds for
appeal is subject to challenge by an appellant by a petition for discretionary review
filed in the Court of Criminal Appeals).

 After reviewing the record and counsel's brief, we agree that the appeal is
frivolous and without merit. 








Conclusion


 We affirm the judgment of the trial court. We grant appellant counsel's motion 


to withdraw.





 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

1. A jury later determined that the father, Darrell Wheeler, should also have his parental
rights terminated. He has not appealed.
2. Section 161.004 provides,


 (a) the court may terminate the parent-child relationship after rendition of an order that
previously denied termination of the parent-child relationship if:


 (1) the petition under this section is filed after the date the order denying
termination was rendered;


 (2) the circumstances of the child, parent, sole managing conservator,
possessory conservator, or other party affected by the order denying
termination have materially and substantially changed since the date
that the order was rendered;


 (3) the parent committed an act listed under Section 161.001 before the
date the order denying termination was rendered; and


 (4) termination is in the best interest of the child.


Tex. Fam. Code Ann. § 161.004(a)(1)-(4) (Vernon 2002).