Opinion issued February 26, 2009


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00989-CR

NO. 01-07-00990-CR






JOSE RAFAEL GUEVARA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 1080528, 1096706







MEMORANDUM OPINION


 Appellant, Jose Rafael Guevara, without an agreed punishment
recommendation from the State, pleaded guilty to the offenses of theft (1) and
unauthorized use of a motor vehicle. (2) The trial court sentenced appellant to
concurrent sentences of confinement for five years for theft and two years for
unauthorized use of a motor vehicle. Appellant filed a timely notice of appeal. 
Appellant's counsel has filed a brief stating that the record presents no reversible
error and that the appeal is both frivolous and without merit. See Anders v.
California, 386 U.S. 738, 744 87 S. Ct 1396, 1400 (1967). We determine whether the
brief meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no meritorious grounds for reversal. Id. at 744, 87
S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). 
 We affirm.

The Anders Brief Standard

 When this Court receives a brief from defendant's counsel asserting that no
arguable grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record. Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Stafford, 813 S.W.2d at 511. We consider any pro se response that the
defendant files along with his appointed counsel's brief. See Bledsoe, 178 S.W.3d
at 828. 

 Our role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist. Id. at 827. When filing an "Anders Brief," appellant's
counsel must:

discuss the evidence adduced at the trial, point out where pertinent
testimony may be found in the record, refer to pages in the record where
objections were made, the nature of the objection, the trial court's
ruling, and discuss either why the trial court's ruling was correct or why
the appellant was not harmed by the ruling of the court. 

High, 573 S.W.2d at 813. 

 

 If we determine that arguable grounds for appeal exist, we must abate the
appeal and remand the case to the trial court to allow the court-appointed attorney to
withdraw. Id. The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if the appellant wishes, allow the appellant to proceed
pro se. Id. If we determine that there are arguable grounds for appeal, the appellant
is entitled to have new counsel address the merits of the issues raised. Id. If we
determine that the appeal is without merit, we may affirm the trial court's judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. Id. at 826-28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a pro se petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. 
Appellant's counsel on appeal has a duty to inform the appellant of his right to file
such a petition. Tex. R. App. P. 48.4; Blesdoe, 178 S.W.3d at 827. This duty is
purely "educational," however, and failure to do so has not prevented Texas courts
from granting a motion to withdraw due to a frivolous appeal. See, e.g., Ex parte
Owens, 206 S.W.3d 670 (Tex. Crim. App. 2006); Onofre v. State, 193 S.W.3d 148,
149 (Tex. App.--Houston [1st Dist.] 2006, no pet.); Mitchell v. State, 193 S.W.3d
153, 156 (Tex. App.--Houston [1st Dist.] 2006, no pet.); Le v. State, 186 S.W.3d 55,
59 (Tex. App.--Houston [1st Dist.] 2005, no pet.).

 In accordance with Anders, we have reviewed both the entire record and the
brief of appellant's counsel, and we conclude that no reversible error exists. We note
that appellant's appointed counsel still has a duty to inform appellant of the result of
this appeal and that appellant may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See Onofre, 193 S.W.3d at 149.










Conclusion


 We affirm the judgment of the trial court and grant appointed counsel's motion
to withdraw. Appointed counsel must immediately send the notice required by Texas
Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this
Court. See Tex. R. App. P. 6.5(c).





 Evelyn V. Keyes

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).





1. Trial court number 1080528; appellate court cause number 01-07-00990-CR.
2. Trial court number 1096706; appellate court cause number 01-07-00989-CR.