Opinion issued July 30, 2009
 
















     

                                        

                               
In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00287-CR




ANTHONY JEROME SOMERVILLE, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1009343


 
 
 
 
 
 
MEMORANDUM OPINION
          Appellant, Anthony Jerome Somerville, pleaded guilty on May 11, 2005 to
aggravated robbery with a deadly weapon. The trial court sentenced him to five years’
deferred adjudication.
          In March and April of 2008, the trial court held a hearing on the State’s motion
to adjudicate appellant’s guilt and revoke his deferred adjudication. At the hearing,
the State introduced evidence that appellant was one of several men who viciously
beat another man and locked him in the trunk of his own car. Another participant in
the beating, Dewayne Champion, testified that appellant struck the complainant
several times with a baseball bat. At one point after the beating, two of the other men,
appellant, and Champion were driving in the complainant’s car with the complainant
locked in the trunk. Champion testified that they stopped and dropped appellant off,
then later stopped so that Champion could get out. When Champion exited the car,
he heard the complainant asking if he was going to be let out of the trunk.
          The complainant’s car was later found on a vacant lot. It had been burned with
the complainant still in the trunk. 
          The trial court adjudicated appellant’s guilt and sentenced him to life in prison.
Appellant's appointed counsel on appeal has filed an Anders brief stating his belief
that the appeal is without merit and frivolous and has moved to withdraw as counsel.
See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). The brief meets the
requirements of Anders by presenting the appellate grounds that might arguably be
supported by the record and discussing why those grounds have no merit. See id. at
744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810–11 (Tex. Crim.
App. 1978). Appellant has filed a pro se response.
          A court of appeals has two options when an Anders brief and a subsequent pro
se response are filed. Upon reviewing the entire record, it may: (1) determine that the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error; or (2) determine that there are arguable grounds for appeal and remand the
cause to the trial court for appointment of new appellate counsel. Onofre v. State, 193
S.W.3d 148, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing Bledsoe v.
State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)). We have carefully reviewed
the entire appellate record. We conclude that there is no reversible error and that the
appeal is wholly frivolous. Id.
          We affirm the judgment of the trial court and grant counsel’s motion to
withdraw.


 Attorney Gary Polland must immediately send the notice required by
Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk
of this Court.
 
                                                             George C. Hanks
                                                             Justice
 
Panel consists of Justices Keyes, Hanks, and Bland. 
Do not publish. See Tex. R. App. P. 47.2(b).