Opinion issued
November 4, 2010

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.
01-08-01012-CR

____________

 








BRANDON GORDON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause Nos. 1064054

 

 



MEMORANDUM
OPINION

Appellant, Brandon Gordon, pleaded
guilty to aggravated robbery without an agreed recommendation.  See Tex. Penal Code Ann. §§ 29.02–.03 (Vernon 2003).  After a sentencing hearing, the trial court
assessed punishment at 30 years’ confinement in the Texas Department of
Criminal Justice, Institutional Division. 
Appellant filed a timely notice of appeal.  Gordon’s court-appointed counsel filed a
motion to withdraw and an Anders
brief in which she states that no valid grounds for appeal exist and that
appellant’s appeal is frivolous.  Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967).  Appellant
filed a pro se response to his counsel’s Anders
brief in which he contends that his plea was not made voluntarily and intelligently,
and that he received ineffective assistance of counsel.   

We affirm the judgment of conviction
and grant counsel’s motion to withdraw. 

Background

          Appellant and two
accomplices robbed a cash advance business on April 4, 2006 and were arrested
45 minutes later while attempting to rob a second cash advance business.  On his arrest, appellant was found with pawn
shop receipts for two firearms recovered by law enforcement and a debit card
owned by the complainant, Alvaneeta Nelson. 
Nelson identified appellant and one accomplice at time of their
arrest.  

Appellant pleaded guilty to the April 4, 2006 aggravated robbery
without agreed recommendations.  See Tex. Penal
Code Ann. §§ 29.02–.03.  Appellant and his
attorney signed his plea and his written admonishments.  At
the sentencing hearing, appellant’s mother, cousin, and aunt all testified as
to his good character and stated that he was only involved in the robbery to
which he pleaded guilty.  Appellant
testified that he was diagnosed with bipolar disorder and that he was not on
medication at the time of the April 4 robbery. 
He stated he was on medication and had not experienced a significant
episode in six months.   

The State presented evidence of disciplinary action against appellant
while in prison for fighting and possession of intoxicants, tobacco, and
unauthorized equipment.  The State also
presented evidence implicating appellant in eight similar aggravated robberies
of cash advance businesses.  At the time
of appellant’s arrest, law enforcement found two cell phones in his
accomplice’s car that belonged to witnesses from previous robberies.  That same day, Detective L. Roberts conducted
a live line-up in which appellant and one accomplice were placed in a line of
six individuals.  Five witnesses from the
other aggravated robberies identified appellant and his accomplice from the
live line-up or a video recording of the line-up.  Four witnesses also positively identified
appellant at the sentencing hearing.

The trial court assessed punishment at 30 years’ confinement.  Appellant filed a timely notice of
appeal.  This Court abated the appeal
because the original certification incorrectly stated that appellant had waived
his right to appeal.  The trial court
submitted a supplemental certification acknowledging appellant’s right to
appeal, found him to be indigent, and appointed an attorney for his appeal. 

His appellate attorney filed a motion to withdraw and an Anders
brief stating that no arguable grounds for appeal exist and any appeal would be
frivolous.  In his Anders
response, appellant argues that his plea was not voluntary and intelligent
because he is bipolar and he was rushed and without counsel when he signed the
admonishments.  He also argues he
received ineffective assistance of counsel because his attorney allegedly
promised him a 15-year-cap if he pleaded guilty, never visited him or properly
prepared him before his plea, and failed to ensure he was mentally
competent.  

Anders Procedure

          The brief submitted by appellant’s
court-appointed counsel states her professional opinion that there are no
arguable grounds for reversal on appeal and that any appeal would, therefore,
lack merit.  See Anders,
386 U.S. at 744, 87 S. Ct. at 1400. 
Counsel’s brief meets the minimum Anders requirements by
presenting a professional evaluation of the record and stating why there are no
arguable grounds for reversal on appeal. 
See Anders, 386 U.S. at
744, 87 S. Ct. at 1400; see In re Schulman,
252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008); Le v. State, 186 S.W.3d 55, 56 (Tex. App.—Houston [1st Dist.] 2005,
no pet.). 

          When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400
(emphasizing that reviewing court, and not counsel, determines, after full
examination of proceedings, whether the case is “wholly frivolous”); Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In conducting our review, we consider any pro
se response that the defendant files to his appointed counsel’s Anders
brief.  See Bledsoe v. State, 178
S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 


          Our
role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist.  Bledsoe,
178 S.W.3d at 827.  If we determine that
arguable grounds for appeal exist, we must abate the appeal and remand the case
to the trial court to allow the court-appointed attorney to withdraw.  Id. 
The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if the defendant wishes, allow the defendant to
proceed pro se.  Id.  We do not rule on the ultimate merits of the
issues raised by appellant in his pro se response.  Id. 
If we determine that there are arguable grounds for appeal,
appellant is entitled to have new counsel address the merits of the issues
raised.  Id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.   


          If,
on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the
record and have found no reversible error. 
Bledsoe, 178 S.W.3d at 826–27. 
The holding that there are no arguable grounds for appeal is subject to
challenge by an appellant by a petition for discretionary review filed in the
Court of Criminal Appeals.  Id. at
827 n.6. 

          In
accordance with Anders and Bledsoe, we have reviewed the record,
appellant’s appointed counsel’s Anders brief, and appellant’s pro se
response and conclude that no arguable grounds for appeal exist.




 

Conclusion

          We affirm the judgment of the trial
court and grant appointed counsel’s motion to withdraw.[1] 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists of Chief Justice
Radack, Justice Massengale, and Justice Cox.[2]

Do not publish.   Tex. R. App. P. 47.2(b).

 

 

 

 

 











[1]
          Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals.  See Bledsoe v. State,
178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex Parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d
770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

 





[2]
              The
Honorable Lonnie Cox, Judge of the 56th District Court of Galveston County, 

participating
by assignment.