Opinion issued November
18, 2010

 

 

 

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.
01-09-01050-CR

____________

 








MALDANNO THOMPSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause Nos. 1221613

 

 



MEMORANDUM
OPINION

Appellant, Maldanno Thompson, appealed
a judgment convicting him of aggravated robbery.  See Tex. Penal Code Ann. §§ 29.02–.03 (Vernon 2003).  His court-appointed counsel filed a motion to
withdraw and Anders brief in which he
states no valid grounds for appeal exist and that any appeal would be
frivolous.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967).  Appellant filed no
response.  We affirm.

Background

           Dion Phlegm and his girlfriend were getting
out of his car at an apartment complex when a man in a ski mask confronted them
with a gun.  Phlegm gave appellant his
wallet with cash, his driver’s license, and an ATM card inside.  Appellant pressed his gun into Phlegm’s neck
for a few seconds then walked away pointing the gun at Phlegm and his
girlfriend.  In addition to the mask,
appellant wore gloves and bulky clothing, so Phlegm was not able to make an
identification.  Appellant drove away in
a red and black Monte Carlo with no license plate, a black stripe near the
base, and factory wheels.  

          Phlegm described the car
to law enforcement and appellant was stopped a little over an hour after the
robbery.  A search of the car found
gloves and two ski masks.  A search of
appellant produced Phlegm’s license and bank card, however no gun was
found.  Appellant was arrested and
confessed to the robbery.  

          Appellant originally
pleaded not guilty.  He changed his plea
to guilty after a jury was impaneled.  The
trial court orally admonished appellant concerning the consequences of his
guilty plea and the range of punishments. 


The State presented evidence on the merits through Phlegm and the
investigating officer’s testimony.  The
jury was instructed to find appellant guilty and found him so.  The punishment phase was conducted before the
court without an agreed recommendation concerning punishment.  The trial court accepted appellant’s plea of
true to the enhancement paragraphs of a prior conviction for felony
kidnapping.  The State admitted a
stipulation as to appellant’s three prior convictions for kidnapping,
possession of cocaine, and a federal gun possession crime.  Phlegm and his girlfriend testified as to the
impact of the robbery on them.  Appellant
emphasized his cooperation with law enforcement and admitted his written
confession, though pre-trial he filed a motion to suppress those statements.  The trial court assessed punishment at 30
years in prison.  

Anders
Procedure

          The brief submitted by appellant’s court-appointed
counsel states her professional opinion that there are no arguable grounds for
reversal on appeal and that any appeal would, therefore, lack merit.  See Anders, 386 U.S. at 744, 87
S. Ct. at 1400.  Counsel’s brief
meets the minimum Anders requirements by presenting a professional
evaluation of the record and stating why there are no arguable grounds for
reversal on appeal.  See Anders, 386 U.S. at 744, 87 S. Ct. at
1400; see In re Schulman, 252 S.W.3d
403, 409 n.23 (Tex. Crim. App. 2008); Le
v. State, 186 S.W.3d 55, 56 (Tex. App.—Houston [1st Dist.] 2005, no pet.). 

          When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400
(emphasizing that reviewing court, and not counsel, determines, after full
examination of proceedings, whether case is “wholly frivolous”); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  

          Our
role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist.  Bledsoe,
178 S.W.3d at 827.  If we determine that
arguable grounds for appeal exist, we must abate the appeal and remand the case
to the trial court to allow the court-appointed attorney to withdraw.  Id. 
The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if the defendant wishes, allow the defendant to
proceed pro se.  Id.  We do not rule on the ultimate merits of any
arguable issues.  Id.  If we determine that there are arguable
grounds for appeal, appellant is entitled to have new counsel address the
merits of the issues raised.  Id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.   


          If,
on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the
record and have found no reversible error. 
Bledsoe, 178 S.W.3d at 826–27. 
The holding that there are no arguable grounds for appeal is subject to
challenge by an appellant by a petition for discretionary review filed in the
Court of Criminal Appeals.  Id. at
827 n.6. 

          In
accordance with Anders and Bledsoe, we have reviewed the record
and appellant’s appointed counsel’s Anders brief.  We conclude no arguable grounds for appeal exists.

Conclusion

          We affirm the judgment of the trial
court and grant appointed counsel’s motion to withdraw.[1] 

PER CURIAM

 

 

Panel consists of Chief Justice
Radack, Justice Alcala, and Justice Massengale.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]
          Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals.  See Bledsoe v. State,
178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex Parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d
770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).