## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
### NO. 02-15-00321-CR


TYLER JAMES LAYTON                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR13017

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tyler James Layton appeals from the adjudication of his guilt for burglary of a habitation, which previously had been deferred, and fifteen-year sentence. We affirm.

Layton was indicted with the second-degree felony offense of burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02(a)(3), (c)(2) (West 2011). As part

---

[1]*See* Tex. R. App. P. 47.4.

of a plea-bargain agreement, Layton pleaded guilty to the indictment, the adjudication of his guilt was deferred, and he was placed on community supervision for eight years. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2015). One of the conditions of his community supervision was that he serve a term of confinement and complete all program requirements at a community-corrections facility. *See id.* art. 42.12, §§ 12(b), 18. Three months later, the State filed a motion to proceed with an adjudication of Layton's guilt, alleging that Layton had been unsuccessfully discharged from the community-corrections facility. *See id.* art. 42.12, § 18(e). Layton pleaded true to the allegation in the motion. The trial court held a hearing on the motion, adjudicated Layton guilty of burglary of a habitation, and imposed a sentence of fifteen years' confinement. *See id.* art. 42.12, § 5(b); *see also* Tex. Penal Code Ann. § 12.33 (West 2011) (setting punishment range for second-degree felony at not more than twenty but not less than two years). Layton timely filed a notice of appeal from the trial court's judgment. *See* Tex. R. App. P. 26.2(a)(1).

Layton's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that, in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Layton did not respond to counsel's brief or motion although both counsel

2

and this court advised him of his right to do so. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have an obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). In this evaluation, we consider the record and the arguments raised in the *Anders* brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We have done so and conclude, as did appellate counsel, that there is nothing in the record that might arguably support the appeal and that the appeal is frivolous. *See Salazar v. State*, No. 07-12-00254-CR, 2013 WL 3811207, at *1–2 (Tex. App.—Amarillo July 17, 2013, no pet.) (mem. op., not designated for publication) (finding no arguable issues and granting motion to withdraw in appeal from adjudication of guilt after defendant previously placed on deferred adjudication community supervision); *Le v. State*, 186 SW.3d 55, 57–59 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (same). When placed on community supervision, Layton acknowledged that he was aware of the possible punishment range if he were later adjudged guilty of burglary of a habitation. Layton pleaded true to the allegation in the State's subsequent motion to proceed with an adjudication, and the sentence imposed was within the applicable punishment range. Accordingly, we grant counsel's

3

motion to withdraw and affirm the trial court's judgment. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988); *Kelly*, 436 S.W.3d at 318–19.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 25, 2016